Greene & Button Co. vs. Van Vechten, Garnishee, etc.

*By the Court.*— Order affirmed.

GREENE & BUTTON COMPANY, Appellant, vs. VAN VECHTEN, Garnishee, etc., Respondent.

*March 10 — March 31, 1885.*

*Voluntary assignment: Fraud: Evidence: Instructions to jury.*

1. The amount for which an assignee has sold the property assigned is no criterion of its nominal or real value, and is inadmissible to show that such value was greater than stated in the affidavits of the assignor and his witnesses.
2. Large purchases of goods on credit, though made with intent to defraud the vendors, will not invalidate a subsequent voluntary assignment unless they were made in contemplation of such assignment.
3. An instruction in which the statute providing that an assignment shall be void if made with intent to hinder, delay, *or* defraud creditors, is quoted "hinder, delay, *and* defraud," etc.— is held not to have misled the jury, the statute having been quoted several times correctly.

APPEAL from the Circuit Court for *Milwaukee* County. The facts will sufficiently appear from the opinion. There was a special verdict finding, among other things, that the assignment was not made with intent to hinder, delay, or defraud creditors.  The plaintiff appealed from a judgment dismissing the garnishee proceedings.

For the appellant there was a brief by *Wells, Brigham & Upham*, and oral argument by *Mr. Brigham*.

For the respondent there was a brief by *Jenkins, Winkler & Smith*, and oral argument by *Mr. Winkler*.

ORTON, J.   This is a proceeding of garnishment by the appellant company, as a judgment creditor of Frederick J. Dixon, against the respondent, as the assignee of Dixon for the benefit of creditors.   The assignment was introduced in evidence by the plaintiff for the purpose of showing the property and credits of the defendant Dixon in the hands of the respondent as such assignee and garnishee.   No objections were made to the form or execution of the assignment, and it is not contended but that the assignment was made in all respects according to the statute.   The sole issue appeared to be the *bona fides* of the assignment, and whether it was not made with intent to hinder, delay, or defraud creditors.   On this issue a very wide range of inquiry and examination of witnesses, involving the previous circumstances of the assignor, the estimated value of his property, and the disposition of much of it to purchasers and creditors, and the amount and value of recent purchases, and the circumstances under which they were made, etc., was liberally allowed by the court.

It is a matter of accepted law that any facts and circumstances which tend to show that the assignment was made in bad faith, or with intent to hinder, delay, or defraud the creditors of the assignor, are proper to be introduced in evidence, and that any facts from which no such inference can properly be drawn, are not material to the issue, and should be excluded.   The question of such intent to hinder, delay, or defraud creditors in making the assignment is made by the statute a question of fact for the jury, and in this case the jury has virtually found that the assignment was not made with such intent.   Fraud, when alleged, must

be proved and not presumed, and the evidence of it should be clear and satisfactory. Unless there is a clear preponderance of evidence in this case against the verdict of the jury on this issue, in which the statute has made the question of fact one in terms exclusively for the jury to decide, this court should not disturb the verdict on the merits.

The exceptions presented in this very voluminous case, and in the rather voluminous brief of the learned counsel of the appellant, are few and by no means complicated. It was, perhaps, proper for the plaintiff to show that the assignor, Dixon, had property a short time before his assignment of a value largely exceeding the value of the property assigned, in order to raise the inference of an unlawful and fraudulent reservation of property from the assignment, and of an intent to defraud by the assignment. *Farrington v. Sexton,* 43 Mich. 454. It might be proper to show that the nominal or real value of the goods assigned was much greater than that stated in the affidavit of the assignor and his witnesses at the time of the assignment, in order to show an intent to defraud, in causing too small a bond as security to be given by the assignee. But the question objected to and excluded, the exclusion of which forms the subject of the first exception in the appellant's brief, could not elicit any such fact. The respondent and assignee was asked by the counsel of the appellant, when on the stand as a witness, and having testified that he had sold all of the goods he received from the assignor, "How much have you realized on the sale?" What the goods sold for "at wholesale, retail, and job lots," or the manner of their sale by the assignee, would not be any criterion of their nominal or real value. It is not perceived for what proper purpose such an inquiry was made, and no purpose of it was stated to the circuit court.

It was sought to be shown in evidence that the assignor, Dixon, some time previous to the assignment, made large

purchases of goods on credit, with intent to defraud the persons from whom he purchased them, and the learned judge of the circuit court in effect charged the jury in respect thereto that such purchases so made would not affect the validity of the assignment unless they were so made in contemplation of an assignment; in other words, that there must have been some connection between such purchases and the assignment, in order to infer from the purchases so made an intent to defraud in making the assignment. The instruction is not that the jury may not consider the fact of such purchases so made with other circumstances in determining the question of intent in making the assignment, but it states a very safe and correct rule as to the logical and legal effect of this one particular fact in itself not connected by any common intent with the assignment.

Many large portions of the charge seem to have been excepted to in gross. In each such part many distinct propositions of law are so clearly correct that the learned counsel of the appellant do not question them in their brief, and the above instruction, so substantially reproduced, in effect is repeated in slightly different form in other parts of the charge, and it comprises nearly all the subjects of complaint. The instructions are voluminous, comprehensive, applicable, and very favorable to the appellant. It would be useless to more particularly notice the exceptions to the instructions given or refused. Those refused relate mainly to distinct facts assumed to have been proved, and were especially objectionable for that reason, because the whole question of the intent was exclusively for the jury as one of fact.

Exception is taken to the use of the conjunction "and" between "delay" and "defraud," in quoting the statute, instead of the disjunctive "or." It seems that the learned judge quoted the statute at least six times in his charge, and used the disjunctive at least twice. The probability is

that the learned counsel, in their arguments to the jury, quoted that statute many times, and correctly. I do not think the jury were misled by such a slight discrepancy.

The cause was very ably and fully tried, and the jury very carefully and very fully instructed in the law of the case, and we cannot think that there was such a clear preponderance of the evidence as to justify this court in disturbing the verdict on the facts.

*By the Court.*— The judgment of the circuit court is affirmed.