Bleiler vs. Moore and another.

BLEILER, Respondent, vs. MOORE and another, Appellants.

*April 16 — May 3, 1898.*

*Fraudulent conveyances: Evidence as to intent: Argument to jury.*

1. A conveyance of property with intent on the part of the grantor, participated in by the grantee, to *delay* the creditors of the former, is fraudulent as to such creditors, and a refusal of the court so to charge the jury, when specially asked to do so, after having charged them that a conveyance made with intent to "hinder, delay, *and* defraud" creditors, and also that one made with intent to "hinder, delay, *or* defraud" creditors, would be void as to creditors, tends to mislead the jury and is therefore error.

2. In an action involving the question whether a conveyance was fraudulent, the party making it may testify to his intent, yet his testimony is not conclusive and does not necessarily outweigh the evidence of facts and circumstances tending to contradict it.

3. To allow counsel, in argument, to call the attention of the jury to the fact that his client was the principal witness in his own behalf and that the adverse party had not called witnesses to impeach his character for truth and veracity is not erroneous.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action of replevin. It has been here twice before. 88 Wis. 438, and 94 Wis. 385. The plaintiff claimed the property by virtue of chattel mortgages and a bill of sale from one William J. Bleiler, his son. The defendant *Moore* was the sheriff of Green county, and justified his seizure of the property by virtue of certain executions issued upon judgments against William J. Bleiler, and claimed

that the transfers of said property to the plaintiff were in fraud of said judgment creditors. The action was tried before a jury, and the defendants, among other instructions, requested the court to charge the jury as follows: (1) "A transfer would be void if the only intent existing on the part of the debtor, and participated in by the person to whom the transfer was made, was merely to delay his creditors in the collection of their just demands, although the debtor may intend ultimately to pay all of his creditors in full. And this is so for the reason that the time for the performance of a contract, both in morals and in law, is an essential part of the contract itself, and the right of creditors to receive their rights when due is as absolute as their right to receive them at all." (2) "While parties are allowed to testify as to the intent with which they did any act, such testimony is not conclusive, and does not necessarily outweigh the evidence of facts and circumstances tending to contradict such negative testimony." These instructions were refused, and the defendants excepted. A verdict was rendered for the plaintiff, and from the judgment thereon the defendants appeal.

For the appellants there was a brief by *J. D. Dunwiddie* and *B. F. Dunwiddie,* and oral argument by *B. F. Dunwiddie.*

*J. M. Becker,* for the respondent.

WINSLOW, J. The two instructions which were asked by the defendants, and which are given at length in the statement of facts, were correct legal propositions, and were plainly applicable to the case, and it was error to refuse them. The question in the case was whether the transfers of the property in question had been made by William to his father with intent to hinder, delay, *or* defraud his creditors, which intent was participated in by his father. In charging upon this question the court many times charged

in the conjunctive, stating, in effect, that in order to avoid the transfers they must have been made with intent to hinder, delay, *and* defraud creditors. It is true that in two or three instances he also used the word "or" instead of "and," but the manifest effect of the whole charge was inaccurate and misleading, and had a tendency to confuse the jury upon the question as to whether an intent to delay creditors, alone, would be sufficient to avoid the transfers. This inaccuracy might not be sufficient of itself to call for reversal of the judgment, had attention not been called to it in some way, and a proper instruction asked. *Greene & Button Co. v. Van Vechten*, 63 Wis. 16. But when the defendants specifically asked an instruction correcting the inaccuracy, and stating that an intent to delay creditors, alone, which was participated in by the grantee, was sufficient to avoid the transfers, it should certainly have been given in substance, and its refusal was error. The plaintiff had testified directly that he did not intend to hinder, delay, or defraud William's creditors. It is familiar law that, while such testimony is competent, it is not conclusive, and may be outweighed by collateral facts and circumstances which tend to throw light on the intent. The court nowhere charged the jury to this effect. The defendants asked for the instruction, it was applicable to the case, and it should have been given. A number of other instructions were asked by the defendants, but they were, in our judgment, sufficiently covered by the general charge, and we do not regard their refusal as ground for reversal.

The plaintiff was the principal witness in his own behalf upon the trial, and his testimony was necessarily attacked as untrue by the defendants' counsel in the final argument. In closing the case on behalf of the plaintiff, his counsel, in discussing the question of the credibility of the plaintiff's evidence, referred to the fact that the defendants had not called witnesses to impeach the plaintiff's character for truth

and veracity. This was objected to, but the line of argument was allowed by the court. We do not regard the ruling as erroneous. Some degree of latitude must be allowed counsel in the argument of a cause to a jury.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

MARSHALL, J., dissents.